UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BONNIER,

    Plaintiff,

v.

DETROIT POLICE OFFICER
DANIEL WOODS, and
DETROIT POLICE OFFICER
RYAN PAUL,
in each of their official and individual
capacities, jointly and severally,

    Defendants.
_____/

Case No. 15-cv-14432

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND CANCELING APRIL 26, 2017 HEARING

This action involves Plaintiff's claim that the Defendant officers detained Plaintiff in a traffic stop and searched his vehicle without probable cause and caused him physical injuries during the course of the illegal stop and detention. Plaintiff has alleged a claim under 42 U.S.C. § 1983, claiming violations of his Fourth and Fourteenth Amendment rights and also alleges state law claims of assault and battery, intentional infliction of emotional distress and false arrest. All of Plaintiff's claims arise from the same alleged illegal stop and detention and the conduct of the

1

Defendant officers in connection with the stop.

Defendants do not contest the Court's subject matter jurisdiction over this action, which is undisputed based upon Plaintiff's 42 U.S.C. § 1983 claim. Defendants however move the Court to exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims and to dismiss Plaintiff's related state law claims.

The Court has determined that oral argument will not assist in resolving the issues raised in Defendants' motion and the Court will decide the matter on the parties' written submissions. E.D. Mich. L.R. 7.1(f)(2). Accordingly, the Court CANCELS the hearing on the motion currently scheduled for April 26, 2017 at 3:00 p.m. For the reasons that follow, the Court DENIES the motion to dismiss (ECF No. 20) and ORDERS Defendants to file Answers to the Complaint on or before May 2, 2017.

## I. BACKGROUND

Plaintiff alleges that he was unlawfully stopped by Defendant Detroit Police Officers Daniel Woods and Ryan Paul on November 22, 2014, and that his car was thereafter illegally searched. Plaintiff alleges that the Defendant officers stopped him, demanded Plaintiff's Driver's License and after receiving it told Plaintiff not to "make a f***ing move." (Compl. ¶¶ 6-8.) Plaintiff refused to consent to a search of his car,

to which the Defendant officers responded that they did not need his consent because he was in a high drug area. (*Id.* ¶¶ 11-12.) Plaintiff alleges that the Defendant officers became belligerent, placed Plaintiff in a "full nelson hold," grabbed his arm and twisted it painfully before placing Plaintiff in handcuffs that were too tight. (*Id.* ¶¶ 13-16.) Plaintiff alleges that the Defendant officers patted him down and then searched his car and trunk without consent. (*Id.* ¶¶ 18-19.) The Defendant officers ultimately released Plaintiff and did not place him under formal arrest or charge him with any crime. (*Id.* ¶ 20.) Plaintiff alleges that he has undergone surgery as a result of the Defendant officers' treatment of him and that he has suffered other economic and non-economic damages. (*Id.* ¶¶ 21-24.)

Plaintiff alleges that the Defendant officers violated his Fourth and Fourteenth Amendment rights, committed an assault and battery upon his person, intentionally inflicted emotional distress on him and falsely arrested him, all based upon the aforementioned conduct.

## II. STANDARD OF REVIEW

Defendants move the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims, but inappropriately file their motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This is an improper basis for their motion. The motion does not challenge the factual sufficiency of Plaintiff's

claims in any manner. Recognizing this faulty basis for the Defendants' motion, Plaintiff suggests that the Court analyze the motion under Fed. R. Civ. P. 12(b)(1), which governs the Court's subject matter jurisdiction over a case. This too is an improper basis under which to analyze the claims, as it is undisputed that the Court enjoys subject matter jurisdiction over the entirety of Plaintiff's action which alleges a violation of constitutional rights pursuant to 42 U.S.C. § 1983. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (observing that district court's decision to decline the exercise of supplemental jurisdiction is "not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them") (internal quotation marks and citations omitted). The Defendants challenge only the Court's discretionary authority to entertain and resolve Plaintiff's state law claims. Accordingly, although Defendants bring their motion under Fed. R. Civ. P. 12(b)(6), the Court analyzes the issues raised under 28 U.S.C. § 1367, which governs supplemental jurisdiction.

### III. ANALYSIS

The supplemental jurisdiction statute provides in relevant part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4

28 U.S.C. § 1367(a). The district court may only decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting 28 U.S.C. § 1367(c)). "'[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims.'" *Id*. (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)).

Here there is no dispute that the Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights. Nor is there any dispute that Plaintiff's state law claims for assault and battery, intentional infliction of emotional distress and false arrest arise out of the identical factual allegations that underlie his constitutional claims. There is no credible argument that this case falls within any of the exceptions set out in 28 U.S.C. §§ 1367(c)(1-3), nor have Defendants identified any extraordinary circumstance or compelling reasons that would require the Court to decline supplemental jurisdiction

under 28 U.S.C. § 1367(c)(4). Defendants offer only overbroad statements that merely paraphrase the governing principles without any factual argument specific to this case. Defendants complain generally that trying these claims together will prolong trial, complicate jury instructions on the issue of immunity and confuse jurors given the conflicting damage models. The Court is certain that "carefully drafted jury instructions will alleviate any possible jury confusion," on these bases. *Poteet, II v. Polk County, Tenn.*, No. 05-cv-309, 2007 WL 1189625, at *4 (E.D. Tenn. April 19, 2007). Defendants offer no reasoned basis why these state law claims (which are commonly adjudicated in 42 U.S.C. § 1983 actions filed in federal court) are so unique that the Court is compelled to decline jurisdiction over them. "[A]lthough Plaintiffs' federal and state law claims have different substantive requirements, the facts necessary to prove each claim are similar." *Humes v. Gilless*, 154 F. Supp. 2d 1353, 1364 (W.D. Tenn. 2001). "Supplemental jurisdiction is a doctrine of discretion, and its justification lies in considerations of judicial economy, and convenience and fairness to litigants." *Id*. In this case, there is a far a greater potential for a waste of judicial resources and unfairness to the litigants if Plaintiff is forced to separately try these claims, which arise out of the identical common nucleus of operative facts as Plaintiff's section 1983 claims, in a state court proceeding where the same facts will be presented by the same witnesses. Consideration of judicial economy favors

6

permitting Plaintiff to try these claims together in a single judicial proceeding before this Court. *Id*.

**IV. CONCLUSION**

For the foregoing reasons, the Court the Court DENIES Defendants' vexatious and frivolous motion to dismiss (ECF No. 20), CANCELS the hearing scheduled for April 26, 2017, and ORDERS Defendants to file Answers to the Complaint on or before **May 2, 2017**.

Additionally, if as it appears from both parties' filings on the motion to dismiss, Defendant "Officer Donia Woods" is in fact "Officer Daniel Woods," the parties shall file with the Court a stipulated order on or before **May 2, 2017**, directing that the caption of the case be corrected to reflect this change.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: April 18, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 18, 2017.

                                              s/Deborah Tofil
                                              Case Manager